**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEAN ROGERS,<br><br>  Plaintiff,<br><br>v.<br><br>JOSELITE PEREZ, et al.<br><br>  Defendant. | Civil Action No. 25-18999 (SDW) (JRA)<br><br>**WHEREAS OPINION**<br><br>January 29, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Dean Rogers's ("Plaintiff") Complaint (D.E. 1 ("Compl.")), and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** this Court previously granted Plaintiff's application to proceed *in forma pauperis* because his application sufficiently demonstrated that Plaintiff cannot pay the filing fee because he presently has no income sources and limited assets.[1] *See* 28 U.S.C. § 1915(a)(1); and

**WHEREAS** Plaintiff's Complaint appears to allege that his due process rights were violated by Defendants Joselite Perez, Citywide Towing, Inc., Cathy Thissen, and Frank Thissen ("Defendants") on December 16, 2022 when his truck was improperly ticketed and seized. (Compl. at 2.); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

---

[1] Plaintiff previously filed an action arising out of the same conduct on February 10, 2025. *See Rogers v. Perez*, 2:25-cv-01215-SDW-LDW. On March 18, 2025, this Court granted Plaintiff IPF status but dismissed the complaint for failure to state a claim upon which relief can be granted. (D.E. 4.) This Court also directed Plaintiff to file an amended complaint within thirty (30) days of the March 18, 2025 Order. (*Id.*) Rather than filing an amended complaint, Plaintiff filed the instant action alleging the same allegations as well as adding Citywide Towing, Inc., Cathy Thissen, and Frank Thissen as new defendants.

**WHEREAS** Plaintiff's Complaint fails to provide a clear statement of what his claims are, and the factual bases for them, such that the facts contained are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2); and

**WHEREAS** Plaintiff seeks to bring an action under 42 U.S.C. § 1983 alleging deprivation of his constitutional rights; and

**WHEREAS** the limitations period for a 42 U.S.C. § 1983 claim is "governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). New Jersey, where Plaintiff's claims arise, has a two-year statute of limitations for claims of "injury to the person." N.J. Stat. Ann. § 2A:14-2(a); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("[A] section 1983 claim arising in New Jersey has a two-year statute of limitations."); and

**WHEREAS** under New Jersey law, a statute of limitations may be equitably tolled under very limited circumstances: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum." *Barron v. Gersten*, 277 A.3d 502, 504 (N.J. Super. App. Div. 2022) (citing *F.H.U. v. A.C.U.*, 48 A.3d 1130, 1145 (N.J. Super. App. Div. 2012)); and

**WHEREAS** a court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent on the face of the complaint. *See Johnstone v. United States*, 980 F. Supp. 148, 154 (E.D. Pa. 1997) ("When a complaint on its face shows that the action was filed outside of the applicable limitations period, and the court has satisfied itself that no legal rule tolls or otherwise abrogates the limitations period, sua sponte dismissal is appropriate under § 1915."); and

**WHEREAS** Plaintiff alleges that the relevant conduct occurred on December 17, 2022. Plaintiff contends that New Jersey's equitable tolling doctrine applies, however, Plaintiff has not pled any facts suggesting that tolling applies. While Plaintiff alleges that the officer held the ticket for 20 days after issue which prevented him from filing a tort claim in the proper time, this Court fails to see how a 20-day delay is relevant when Plaintiff filed the initial action on February 10, 2025 and the instant Complaint on December 24, 2025, which is after the statute of limitations expired on December 17, 2024; therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff will be given thirty days to amend his Complaint; failure to do so shall result in the matter being dismissed with prejudice. An appropriate order follows.

                                                               */s/ Susan D. Wigenton*
                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
               José R. Almonte, U.S.M.J.